UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAENELL T. CRENSHAW, PERSONALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF REV. FLOYD S. CRENSHAW, Deceased,<br><br>Plaintiff,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No.: 2:17-cv-2304<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES the Plaintiff, Raenell T. Crenshaw, as Special Administrator of the Estate of Reverend Floyd S. Crenshaw ("Rev. Crenshaw"), Deceased, by and through her attorneys, Langacker Law, Ltd. and Steigmann Law, P.C., and complaining of the Defendant, the United States of America ("USA"), hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Raenell T. Crenshaw, as Special Administrator of the Estate of Rev. Crenshaw, brings this action against the USA pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671-2680, alleging liability of the United States Government, for the medical negligence/general negligence of its agents, contractors, and/or employees at the Veterans Affairs Illiana Health Care System, which proximately caused significant personal injury and the wrongful death of Rev. Floyd S. Crenshaw.

2. On February 16, 2017, Plaintiff presented a medical negligence/general negligence claim to the Department of Veterans Affairs pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671-2680, alleging liability of the United States

Government. Exhibit A is attached and by reference incorporated herein. On March 8, 2017, the USA acknowledged receipt of the claim. Pursuant to 28 U.S.C. § 2675(a), the USA has denied Plaintiff's claim by having failed to make a final decision on the matter within six (6) months of the claim having been filed. Plaintiff has elected to file suit against the USA in the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 2401(b).

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States of America for money damages for personal injury and wrongful death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

4. At all times material hereto, Leona Cross, M.D., Norman Millian, M.D., and any and all other physicians, agents, contractors, and/or employees at the Veterans Affairs Illiana Health Care System involved in the negligent acts and omissions alleged herein, were acting within the scope and course of their employment with the VA and, as such, defendant United States of America is the appropriate defendant pursuant to the Federal Tort Claims Act.

5. Venue is proper under 28 U.S.C. § 1391(b) because all the acts and omissions forming the basis of this claim occurred within the Central District of Illinois.

## FACTUAL ALLEGATIONS

6. Plaintiff, Raenell T. Crenshaw was the spouse of, and is the duly appointed Special Administrator of the Estate of Rev. Crenshaw, pursuant to an Order of the Vermilion

County Circuit Court in 17-P-197. See Exhibit B attached hereto and by reference incorporated herein. At all relevant times hereto, Rev. Crenshaw and Raenell T. Crenshaw resided within this judicial district.

7. Rev. Crenshaw was at all relevant times hereto a veteran of the United States Marine Corps, was honorably discharged from the Corps, and was otherwise eligible for treatment at the Veterans Administration ("VA") Illiana Health Care System located within this judicial district in Danville, Illinois.

8. At all times relevant times hereto, the USA, by and through its agents, contractors, servants and/or employees, maintains and operates the VA Illiana Health Care System, located in Danville, Illinois, and in the aforesaid capacity employs various health care professionals and offers medical services to veterans, including the deceased, Rev. Crenshaw.

9. From 2000 until his death on January 21, 2016, Rev. Crenshaw had been a patient under the care and treatment of the VA Illiana Health Care System, and the VA Illiana Health Care System became primarily responsible for Rev. Crenshaw's medical care.

10. When Rev. Crenshaw began treating at the VA Illiana Health Care System on August 17, 2000, his primary physician, Leona Cross, M.D., diagnosed Rev. Crenshaw with Type II Diabetes, and subsequently treated him for this condition.

11. From approximately September 16, 2009, until Rev. Crenshaw's death on January 21, 2016, Norman Millian, M.D. was Rev. Crenshaw's PCP at the VA Illiana Health Care System.

12. For many years prior to his death on January 21, 2016, Rev. Crenshaw, while under the care of the VA Illiana Health Care System, possessed known risk factors for cardiovascular disease including hypertension, hyperlipidemia, morbid obesity, lack of physical activity, memory loss, and stress.

13. From 2000 through 2015, Rev. Crenshaw presented with symptoms of cardiovascular disease, including shortness of breath, coughing, chest pain, and edema in both of his legs. Despite the signs and symptoms of cardiovascular disease exhibited by Rev. Crenshaw during this time period, Leona Cross, M.D. and Norman Millian, M.D., and any and all other physicians, agents, contractors, and/or employees of the VA Illiana Health Care System repeatedly failed to recognize and/or adequately treat Rev. Crenshaw's cardiac risk factors, failed to order a consultation with a cardiologist, failed to schedule Rev. Crenshaw for an electrocardiogram, failed to order a stress test for Rev. Crenshaw, and failed to otherwise appropriately perform any meaningful testing with regards to Rev. Crenshaw's deteriorating cardiovascular condition.

14. In 2015 alone, Rev. Crenshaw had treated with the VA Illiana Heath Care System on nine (9) separate occasions through December 22nd of that year. By that time, Rev. Crenshaw's health had deteriorated to the point where he was continuously out of breath, coughed frequently, and had severe edema in both of his legs. Rev. Crenshaw additionally suffered from retinal and peripheral neuropathy, and his diabetes was no longer being controlled by medication. Rev. Crenshaw could only walk short distances before becoming out of breath, and required in-home care. Despite the foregoing symptoms, as of December 22, 2015, neither Norman Millian, M.D. nor any other physician, agent, contractors, and/or employees of the VA Illiana Health Care System had ordered an electrocardiogram for Rev. Crenshaw and/or referred Rev. Crenshaw to a cardiologist.

15. On December 22, 2015, Rev. Crenshaw had his tenth (10th) appointment at the VA Illiana Health Care System for the year and advised his treating physician that his symptoms were worsening. Remarkably, on this visit an electrocardiogram was finally ordered, despite the

VA Illiana Health Care System's failure to do so during the prior fifteen (15) years that they had been responsible for Rev. Crenshaw's medical care.

16. Rev. Crenshaw's one and only electrocardiogram was performed on December 28, 2015, and showed that Rev. Crenshaw was suffering from severe congestive heart failure. The treating physician at the VA Illiana Health Care System advised Rev. Crenshaw that he may additionally have had a prior heart attack.

17. Rev. Crenshaw subsequently underwent a cardiac cauterization on January 19, 2016. Unfortunately, due to the stress of the procedure and the VA Illiana Health Care System's continued failure to diagnose and treat his underlying chronic heart disease, Rev. Crenshaw's condition quickly deteriorated and soon thereafter died on January 21, 2016. Rev. Crenshaw was fifty-five (55) years of age at the time of his death.

18. Rev. Crenshaw died as the direct and proximate result of the VA Illiana Health Care System's continuous and gross failure to diagnose and treat his underlying chronic heart disease.

## **COUNT I (Medical Negligence)**

19. Plaintiff repeats and re-alleges Paragraphs 1-18 of Complaint as Paragraph 19, as if fully set forth herein.

20. Upon his death, Rev. Crenshaw left surviving as next-of-kin, his wife, Raenell T. Crenshaw, and seven (7) children.

21. At all times relevant hereto in the VA Illiana Health Care System's treatment of Rev. Crenshaw, there existed a duty on the part of the Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants

and/or employees, to possess and apply the medical knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

22. Disregarding its duty, Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants and/or employees, were guilty of one or more of the following acts or omissions:

    a. Failure to appropriately recognize and diagnose Rev. Crenshaw's underlying chronic heart disease;

    b. Failure to appropriately assess Rev Crenshaw's underlying cardiac risk factors as *extreme* "high risk;"

    c. Failure to timely order appropriate and/or meaningful diagnostic testing, such as an electrocardiogram;

    d. Failure to appropriately treat Rev. Crenshaw's underlying chronic heart disease;

    e. Failure to refer Rev. Crenshaw to a heart specialist (cardiologist);

    f. Failure to obtain Rev. Crenshaw's informed consent to continued, non-specialized medical care – as Defendant, USA's failure to diagnose Rev. Crenshaw's underlying chronic heart disease ultimately served to withhold crucial medical information from Rev. Crenshaw that could have served as a basis for life-saving treatment – thus robbing Rev. Crenshaw of the chance to meaningfully appoint with a cardiologist to save or extend his life; and

    g. In other respects not specifically enumerated here.

23. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of the Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants and/or

employees, Rev. Crenshaw died of chronic heart disease on January 21, 2016, and until said date, Rev. Crenshaw suffered pain and anguish in mind and body, and incurred medical bills and upon his death his estate incurred funeral and burial expenses, and loss of net accumulations, leaving as next-of-kin, his wife, Raenell T. Crenshaw, and seven children, all of whom as a result of Rev. Crenshaw's death suffered grief, sorrow and emotional distress, and suffered loss of his companionship, society, love, affection and justifiable support, and all will so suffer in the future, all to their damages.

24. A physician's report is attached in compliance with 735 ILCS 5/2-622, which states that the Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants and/or employees provided negligent medical care & treatment to Rev. Crenshaw that caused permanent injury & wrongful death and that there is a meritorious claim against the Defendant, USA for medical negligence. Exhibit C – Attorneys' Affidavit with Dr. Alfonso Tiu's medical report is attached and by reference incorporated herein.

### COUNT II (VA Illiana Health Care System's Institutional Negligence)

25. Plaintiff repeats and re-alleges Paragraphs 1-24 of Complaint as Paragraph 25, as if fully set forth herein.

26. The VA's mission is "to care for him who shall have borne the battle, and for his widow and his orphan." Moreover, the VA holds itself out as providing health care that "compares favorably to the best of the private sector."

27. Pursuant to the mission of the VA, its administrators and executives have a duty, covenant with veterans, statutory requirements, rules, and the standard of care to ensure the delivery of high quality health care to its patients at all times. Said officials have a duty to ensure provision

of adequate staffing, funding, resources, policies and procedures necessary to the delivery of high quality health care to patients, including Rev. Crenshaw.

28. The VA was negligent in failing to ensure provision of adequate staffing, funding, resources, policies and procedures necessary to deliver high quality health care to Rev. Crenshaw.

29. The VA was further negligent in:

    a. Failing to develop, promulgate and implement policies and procedures to protect patients, including Rev. Crenshaw, from the negligent conduct complained of herein;

    b. Failing to ensure that the VA followed appropriate standards in hiring, training and supervising qualified staff to provide for the delivery of high quality health care to its patients, including Rev. Crenshaw;

    c. Failing to adequately supervise its employees, agents and apparent agents and enforce its policies and procedures;

    d. Failing to ensure that those to whom it granted privileges, employment or permission to provide health care services to its patients were trained and competent to do so;

    e. Failing to maintain adequate staffing levels to monitor and provide health care, including emergency health care services to its patients including Rev. Crenshaw; and

    f. In other respects not specifically enumerated herein.

30. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of the Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants and/or employees, Rev. Crenshaw died of chronic heart disease on January 21, 2016, and until said date, Rev. Crenshaw suffered pain and anguish in mind and body, and incurred medical bills and upon his death his

estate incurred funeral and burial expenses, and loss of net accumulations, leaving as next-of-kin, his wife, Raenell T. Crenshaw, and seven children, all of whom as a result of Rev. Crenshaw's death suffered grief, sorrow and emotional distress, and suffered loss of his companionship, society, love, affection and justifiable support, and all will so suffer in the future, all to their damages.

31. A physician's report is attached in compliance with 735 ILCS 5/2-622, which states that the Defendant, USA, by and through Leona Cross, M.D., Norman Millian, M.D. and its other physicians, agents, contractors, servants and/or employees provided negligent medical care & treatment to Rev. Crenshaw that caused permanent injury & wrongful death, and that there is a meritorious claim against the Defendant, USA for medical negligence. Exhibit C – Attorneys' Affidavit with Dr. Alfonso Tiu's medical report is attached and by reference incorporated herein.

WHEREFORE, the Plaintiff, the Estate of Rev. Crenshaw through its Special Administrator, Raenell T. Crenshaw, demands judgment against Defendant, the United States of America, in an amount as will reasonably and fairly compensate Raenell T. Crenshaw and fairly compensate the deceased's next-of-kin for their damages, for costs herein expended, and for any further and other relief that this Court deems just and proper in the premises.

Raenell T. Crenshaw,
Plaintiff

By: /s/Ronald S. Langacker
Ronald S. Langacker #6239469
Attorney for Plaintiff
Langacker Law, Ltd.
102 East Main Street, Suite 100
Urbana, Illinois 61801
(217) 954-1025
(217) 903-5255
ron@langackerlaw.com

By: /s/David C. Steigmann  
David C. Steigmann #6271465  
Attorney for Plaintiff  
Steigmann Law, P.C.  
1807 Woodfield Drive  
Savoy, Illinois 61874  
(217) 351-5818  
(217) 351-5819  
dsteigmann@steigmannlaw.com
