UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAENELL T. CRENSHAW, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF REV. FLOYD S. CRENSHAW, Deceased, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| -vs- ) ) | No. 17-cv-02304 |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**THE DEFENDANT UNITED STATES' LIMITED MOTION FOR SUMMARY JUDGMENT ON COUNT II OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT (R.17)**

**INTRODUCTION**

The United States of America, Defendant, by John C. Milhiser, United States Attorney for the Central District of Illinois, and by David H. Hoff, Assistant United States Attorney, in compliance with Fed.R.Civ.P. 56, Fed.R.Civ.P. 12(c) and 12(d), and with the local rules of this Court, moves this Court for summary judgment on the pleadings, on the Plaintiff's Negligent Spoliation Claim recited in Count II of the Plaintiff's First Amended Complaint (FAC), thereby dismissing said Count II without prejudice, for lack of waiver of sovereign immunity.

This limited motion is premised exclusively upon the Defendant's Twenty-Fourth Affirmative Defense (R.19, pp. 35-36), to Count II of the Plaintiff's FAC, that:

1

> The Plaintiff failed to file the required FTCA Administrative Claim on the Plaintiff's Spoliation Claim recited in Count II of her FAC (R.17), prior to filing suit on same on July 27, 2018.

In fact, the Plaintiff did not execute this required FTCA Administrative Spoliation Claim, until September 18, 2018, that was received by DVA OGC Staff Attorney Michael McFatridge on October 1, 2018. (¶¶ 7-9 Def. Statement of Facts).

This late FTCA administrative filing does not save said Count II from now being dismissed without prejudice for failure to exhaust administrative remedies. In *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 1981, and 124 L.Ed.2d 21 (1993), the United States Supreme Court specifically held at p. 1981 that:

> An FTCA action may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation

This summary holding was further explained at 113 S.Ct. 1983-1984.

All other issues and defenses pertaining in any way to the Plaintiff's FAC, including Count I and Count II of this FAC, are reserved, and are not waived by the filing of this limited Motion on said Count II for failure to exhaust administrative remedies.

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

1.  Count I and Count II of the Plaintiff's First Amended Complaint (FAC) that she filed on July 27, 2018 (R.17) each allege that the Plaintiff brings this action against the "USA" pursuant to the provisions of the Federal Tort Claims Act, Title 28 U.S.C. §§ 1346(b), 2671-2680, alleging liability of the United States Government for the

medical negligence/general negligence of its agents and/or employees at the DVA Illiana Health Care System, which proximately caused significant personal injury and the wrongful death of Rev. Floyd S. Crenshaw. (¶¶ 1 & 33 for Count 1, and ¶¶1 and 40 for Count II (Spoliation) FAC, R.17, p.1).

2. Count II of the FAC then alleges that the United States is monetarily liable to the Plaintiff because the Plaintiff claims that the United States negligently lost documents and personal property sent to it by the Plaintiff in connection with this case. (¶¶ 20-32 FAC incorporated into ¶40 of Count II, and ¶¶41-46 of said Count II and the prayer for relief of the FAC (R.17)).

**3**. The Plaintiff's SF 95 Administrative Claim that she presented to the United States Department of Veterans Affairs (DVA) in February 2017 did not include any spoliation or any other claim regarding any alleged lost documents as recited in Count II of the FAC. (¶2 & Exh. 17-1 and Count II of the FAC).

4. Instead, this SF 95 Administrative Claim was based upon allegations that the VA failed "to treat Reverend Crenshaw's diabetes following diagnosis. . . ."[1]). (¶2 & Exh. 17-1 of the FAC).

5. On July 27, 2018, for the first time in this case, the Plaintiff asserted against the United States, in Count II of the FAC, the "Spoliation" claim recited therein. (R.1, R.17 and the Civil Docket for this Case).

---

[1] The United States admits that it received this Administrative Claim, and denies that the Claim includes a "survival negligence claim." However, this dispute is immaterial for purposes of this Motion.

3

6. The Plaintiff has not alleged anywhere in her FAC that she had filed either with the DVA or any other department or agency of the United States government, an Administrative Claim alleging either "Spoliation" or any related allegations recited in Count II of the FAC now before this Court. (Plaintiff's FAC, R.17).

7. United States Department of Veterans Affairs Federal Tort Claim Data is maintained in an electronic database called "GCLAWS." (¶8 Declaration of Michael Newman, Exh. 1 to this Motion).

8. All new tort claims received by the Office of General Counsel are uploaded into this electronic database. (¶8 Declaration of Michael Newman, Exh. 1 to this Motion).

9. A review by Michael Newman, DVA OGC Deputy Chief Counsel for the Torts Law Group, Office of General Counsel, U.S. Department of Veterans Affairs, on September 12, 2018, revealed that neither the named Plaintiff, in this district court case, nor anyone on behalf of either the Plaintiff, or the Plaintiff's decedent Floyd S. Crenshaw, has filed, with the United States Department of Veterans Affairs, an administrative tort claim as required by 28 U.S.C. § 2675, and other applicable law and federal regulations, regarding the Spoliation Claim that is alleged in Count II of the Plaintiff's First Amended Complaint (R.17), prior to the Plaintiff filing said Count II of this First Amended Complaint on July 27, 2018. (¶9 Newman Dec, Exh. 1 to this Motion).

10. The Plaintiff did not file an FTCA administrative claim alleging spoliation as alleged in Count II of her FAC, until DVA OGC staff attorney Michael McFatridge, on October 1, 2018, received said FTCA administrative spoliation claim seeking five million dollars for alleged lost documents. (¶¶9, 10 Newman Dec, Exh. 1 to this Motion; Exh. 1 and ¶¶ 8, 10-14 of the Declaration of DVA OGC Staff Attorney Michael McFatridge, Exh. 2 to this Motion).

11. Although the Plaintiff filed her Spoliation claim in United States District Court in this case when she filed Count II of her FAC on July 27, 2018, she did not sign her FTCA administrative spoliation claim seeking five million dollars for alleged lost documents until September 18, 2018, that was received by DVA OGC Staff Attorney Michael McFatridge on October 1, 2018. (Exh. 1 and ¶13 McFatridge Dec, Exh. 2 to this Motion; FAC R.17).

## ARGUMENT

### Summary of Argument

A monetary claim against the United States for the alleged negligent loss of personal property is cognizable under the Federal Tort Claims Act. Therefore, compliance with the FTCA is the exclusive remedy for the Plaintiff seeking monetary damages in Count II of her FAC for the alleged negligent loss of property that the Plaintiff claims she sent to the United States Department of Veterans Affairs (DVA) in connection with this case.

Consequently, Count II of the Plaintiff's FAC, alleging negligent spoliation by the United States, should be dismissed, without prejudice, because the Plaintiff failed to

exhaust administrative remedies on said spoliation claim by not filing her required FTCA Administrative spoliation claim prior to filing suit on same in this case on July 27, 2018. (¶¶ 1-11 SF). The fact that the Plaintiff waited until October 1, 2018 to file this FTCA Administrative spoliation Claim with the DVA (¶¶ 10, 11 SF), does not protect the Plaintiff's Spoliation Claim filed in District Court on July 27, 2018 (R.17), from now being dismissed for the reasons recited herein. Also, there are no genuine issues of material disputed fact to defeat this Motion, and the United States is entitled to this relief according to law.

**The Federal Tort Claims Act (FTCA) Provides the Exclusive Remedy for the Plaintiff to Attempt to Recover Monetary Damages Against the United States in Count II of her FAC for the Alleged Negligent Spoliation, i.e. the Alleged Negligent Loss by the United States of Personal Property that the Plaintiff Claims She Sent the DVA**

Title 28 U.S.C. § 1346(b)(1) provides that the United States district courts (and the additional courts recited therein that are not relevant to this litigation) shall have exclusive jurisdiction of civil actions or claims, against the United States, for money damages for injury or loss of property caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the action or omission occurred.

Although the Defendant denies that Count II of the FAC states a valid "cognizable" claim for spoliation, the Plaintiff has attempted to plead a monetary claim for loss of property due to alleged negligent spoliation by the Defendant. (¶¶ 20-32, 40-

46 and prayer for relief of the FAC). Consequently, the only waiver of sovereign immunity allowing the Plaintiff to bring a monetary claim against the United States for alleged negligent spoliation of personal property is afforded by the Federal Tort Claims Act, provided that the Plaintiff can satisfy the six elements required to establish a "cognizable claim" in compliance with the FTCA. See *F.D.I.C. v. Meyer,* 510 U.S. 471, 476-479, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). However, all issues regarding Count II of the FAC, other than the Plaintiff's failure to file the required FTCA Administrative spoliation claim and to exhaust administrative remedies on same, prior to filing said Count II in this case on July 27, 2018 (R.17), are not addressed herein. Instead, they are reserved for future filing if necessary.

Also, the granting of this Motion will moot all other defenses otherwise applicable to Count II of the FAC filed on July 27, 2018 (R.17).

### A Motion for Judgment on the Pleadings Is Appropriate In This Case

As explained in *Collins v. United States,* 564 F.3d 833, 837-38 (7th Cir. 2009) and in *Gray v. United States,* 723 F.3d 795, 798 (7th Cir. 2013), ". . . because sovereign immunity can be waived, the defense is not jurisdictional." This is explained in more detail hereinbelow.

The United States in this case has not waived this issue because it is recited in its Twenty Fourth Affirmative Defense (R.19, pp. 35-36), to Count II of the Plaintiff's FAC, filed on August 13, 2018, i.e.:

7

> The Plaintiff failed to file the required FTCA Administrative Claim on the Plaintiff's Spoliation Claim recited in Count II of her FAC (R.17), prior to filing suit on same on July 27, 2018.

Consequently, a motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), is the proper motion to dismiss a complaint on the basis of affirmative defenses. See Fed.R.Civ.P. 12(d) and *Brownmark Films, LLC v. Comedy Partners, et al,* 682 F.3d 687, 690-92 (7th Cir. 2012) (judgment on the pleadings is appropriate for affirmative defenses); *Doss v. Clearwater Title Co., et al,* 551 F.3d 634, 639-40 (7th Cir. 2008) and *Cincinnati Ins. Co. v. Leighton,* 403 F.3d 879, 885 (7th Cir. 2005).

## Legal Standard

**A.     Standard for Summary Judgment**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008) and *Celotex Corp. v. Catrett, et al.*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Schmidt v. Runyon, et al.*, 20 F.Supp.2d 1246, 1248 (C.D.Ill. 1998). The nonmoving party must wheel out all its artillery to defeat it. *Orthodontic Ctrs. of Ill., Inc. v. Michaels, D.D.S., P.C., et al.*, 407 F.Supp .2d 934, 936 (N.D.Ill.2005).

No genuine issues of material fact or law preclude the granting of this motion.

8

B.   **Standard for Dismissal**

Although some circuits treat the failure to exhaust administrative remedies under the FTCA as a jurisdictional prerequisite to bringing suit, the Seventh Circuit "no longer treats § 2675(a) as a jurisdictional prerequisite." *Smoke Shop, LLC v. United States,* 761 F.3d 779, 786 (7th Cir. 2014) (citing *Glade ex rel. Lundskow v. United States,* 692 F.3d 718, 723 (7th Cir. 2012)). Rather, the Court of Appeals has held that "the FTCA's administrative exhaustion requirement is better thought of as a 'condition precedent to the plaintiff's ability to prevail,' not a jurisdictional rule . . . ." *Smoke Shop,* 761 F.3d at 782, n.1. Accordingly, in this circuit, precedent requires dismissal under Rule 12(b)(6) rather than under Rule 12(b)(1) where this condition precedent has not been satisfied. *Smith v. United States,* No. 15-CV-33, 2016 WL 3165533 at *3 (S.D. Ill. June 7, 2016).

C.   **Exhaustion of Administrative Remedies**

Sovereign immunity protects the Federal Government from being sued without its consent. *United States v. Navajo Nation,* 556 U.S. 287, 289 (2009). As a limited waiver of this sovereign immunity, the provisions of the FTCA are to be strictly construed. *Smith,* at 4.

Title 28 U.S.C. § 2675(a) states that an action under the Federal Tort Claims Act shall not be instituted:

> . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed,

9

> shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*Norman v. United States of America,* 2011 WL 5408479 *4 (N.D. Ind. November 8, 2011) explained that the Seventh Circuit Court of Appeals, in *McNeil v. United States,* 964 F.2d 647, 648 (7th Cir. 1992), held that suits that are filed in district court before proper exhaustion of administrative remedies concerning the prerequisite FTCA administrative claim should be dismissed because they are premature.

*Norman*, at 4 stated that:

> In *McNeil,* the Seventh Circuit considered whether a *pro se* prisoner's FTCA claim was filed prematurely in light of the fact that plaintiff had failed to first pursue available remedies through the DHHS (Department of Health and Human Services). McNeil filed his complaint in March of 1989 and filed his DHHS claim in June of 1989. His claim was eventually denied on July of 1989. . . . [I]n McNeil's case, the Seventh Circuit construed FTCA section 2675(a) quite literally, reasoning that the 'statute does not authorize or postpone adjudication of suits; it *forbids the institution of suits prior to the administrative decision* (emphasis added). *See id.* (964 F.2d at 648). In 1993, the Supreme Court affirmed the Seventh Circuit's holding in *McNeil,* conclusively settling the exhaustion of administrative remedies question. *McNeil,* 508 U.S. at 113.

Furthermore, "No one may file suit under the Federal Tort Claims Act without first making an administrative claim. 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)." *Kanar v. United States,* 118 F.3d 527, 528 (7th Cir. 1997). The United States Supreme Court in *McNeil,* affirmed the above-cited *McNeil* decision by the Seventh Circuit Court of Appeals.

10

As the filing of an appropriate administrative claim is a "condition precedent to a plaintiff's ability to prevail" in an FTCA action against the federal government, a suit that has failed to comply with this requirement must be dismissed. *See McNeil, supra,* at 508 U.S. 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies."); *Kanar,* 118 F.3d at 529.

In this case, the Plaintiff did not file her FTCA Administrative Claim regarding "spoliation" prior to filing suit on same on July 27, 2018 in Count II of her FAC. (R.17; ¶¶ 3-11 SF).

It is true that the Plaintiff subsequently signed on September 18, 2018, her FTCA Administrative "Spoliation" Claim that was received by the DVA on October 1, 2018. (¶¶ 10-11 SF). However, this late administrative filing on October 1, 2018, does not save Count II of her FAC, that was prematurely filed on July 27, 2018, from now being dismissed without prejudice for failing to exhaust administrative remedies. As noted above, the United States Supreme Court in *McNeil* specifically held at 113 S.Ct. 1981 that:

> An FTCA action may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation.

**CONCLUSION**

The Defendant United States of America is entitled to judgment on the pleadings on the Plaintiff's "Spoliation" claim recited in Count II of her FAC because it was prematurely filed in district court without first filing the required FTCA Administrative Claim regarding said allegations and without first exhausting the required administrative remedies regarding same.

    Respectfully submitted,

    JOHN C. Milhiser
    UNITED STATES ATTORNEY

BY:    s/David H. Hoff
    DAVID H. HOFF, Bar No. IL 1234072
    Assistant United States Attorney
    201 S. Vine Street, Suite 226
    Urbana, IL 61802
    Phone:  217/373-5875
    Fax:  217/373-5891
    david.hoff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David C. Steigmann
Attorney for the Plaintiff
Steigmann Law, P.C.
1807 Woodfield Drive
Savoy, Illinois 61874
217/351-5818
Fax 217/351-5819

Ronald S. Langacker
Attorney for Plaintiff
Langacker Law, Ltd.
102 East Main Street
Suite 100
Urbana, Illinois 61801
217/954-1025
Fax 217/903-5255

/s/David H. Hoff
DAVID H. HOFF
Assistant United States Attorney
Office of the United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802; Telephone:
217/373-5875; Fax 217/373-5891
david.hoff@usdoj.gov