E-FILED
Thursday, 15 November, 2018  10:27:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAENELL T. CRENSHAW, PERSONALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF REV. FLOYD S. CRENSHAW, Deceased, <br><br> Plaintiff, <br><br> -vs- <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 17-cv-02304 |

## DECLARATION OF MICHAEL T. NEWMAN

I, MICHAEL T. NEWMAN, for my Declaration, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is a true and correct statement of facts:

1.      I am an adult, competent, and have personal knowledge of the facts herein.

2.      I am providing this declaration as a supplement to the documentary evidence in this case.

3.      I am an attorney licensed to practice law in the state of Wisconsin.  My Wisconsin Attorney ID number is 1017693.

4.      I am Deputy Chief Counsel for the Torts Law Group, Office of General Counsel, U.S. Department of Veterans Affairs.   My office is located at 5400 West National Avenue, Building 6, Milwaukee, Wisconsin 53214.   I am authorized to make this declaration based upon the records of the Department of Veterans Affairs.



DEFENDANT'S
EXHIBIT
1
_____
MSJ  COUNT II

5.      My duties include oversight of administrative investigations of tort claims and litigation support in Federal Tort Claims Act (FTCA) cases filed in the numerous States, including Illinois, and the Central District of Illinois.

6.      The Secretary of Veterans Affairs ("Secretary") is authorized under 28 U.S.C. § 2672 to consider, compromise, or settle administrative tort claims filed pursuant to the FTCA which are predicated on the allegedly negligent act(s) of an employee of the VA.

7.      Pursuant to 38 C.F.R. § 2.6(e)(2), the Secretary's authority has been re-delegated to the Office of General Counsel to consider, compromise, or settle administrative tort claims.

8.      VA FTCA data is maintained in an electronic database called "GCLAWS." All new tort claims received by the Office of General Counsel are uploaded into this electronic database.

9.      My personal review of this (full name for GCLAWS system) on September 12, 2018, revealed that neither the named Plaintiff, in this district court case, nor anyone on behalf of either the Plaintiff, or the Plaintiff's decedent Floyd S. Crenshaw, has filed, with the United States Department of Veterans Affairs, an administrative tort claim as required by 28 U.S.C. § 2675, and other applicable law and federal regulations, regarding the Spoliation Claim that is alleged in Count II of the Plaintiff's First Amended Complaint (R.17), prior to the Plaintiff filing said Count II of this First Amended Complaint on July 27, 2018.

2

10.     However, I am aware of the fact that on October 1, 2018, Department of Veterans Affairs Office of General Counsel Staff Attorney Michael McFatridge, who is assigned to the Department of Veterans Affairs Illiana Health Care System in Danville, Illinois, received from Plaintiff's counsel in this case, a new FTCA SF 95 Claim and attachments seeking five million dollars for loss of property concerning Plaintiff claims sent to the Department of Veterans Affairs.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:   October12, 2018                    /s/ Michael T. Newman
                                            Michael T. Newman
                                            Deputy Chief Counsel
                                            Office of General Counsel
                                            Torts Law Group
                                            U. S. Department of Veterans Affairs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAENELL T. CRENSHAW, PERSONALLY<br>AND AS SPECIAL ADMINISTRATOR<br>OF THE ESTATE OF REV. FLOYD S.<br>CRENSHAW, Deceased,<br><br>Plaintiff,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 17-cv-02304<br>)<br>)<br>)<br>) |

## DECLARATION OF MICHAEL M. McFATRIDGE

I, Michael M. McFatridge, for my Declaration, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is a true and correct statement of facts:

1.    I am an adult, competent, and have personal knowledge of the facts herein.

2.    I am providing this Declaration in support of the Defendant's instant Motion for Summary Judgment on Count II of the Plaintiff's First Amended Complaint.

3.    I am an attorney licensed to practice law in the state of Illinois.

4.    I am a Staff Attorney with the Office of General Counsel for the United States Department of Veterans Affairs. I am authorized to make this Declaration based upon the records of the Department of Veterans Affairs and my personal knowledge of this case.



DEFENDANT'S
EXHIBIT
2
MSJ COUNT II

5.      My duties include litigation support and administrative investigations and recommendations of tort claims that are assigned to me, in Federal Tort Claims Act (FTCA) cases filed in numerous States, including Illinois, and the Central District of Illinois.

6.      The Secretary of Veterans Affairs ("Secretary") is authorized under 28 U.S.C. § 2672 to consider, compromise, or settle administrative tort claims filed pursuant to the FTCA which are predicated on the allegedly negligent act(s) of an employee of the VA.

7.      Pursuant to 38 C.F.R. § 2.6(e)(2), the Secretary's authority has been re-delegated to the Office of General Counsel to consider, compromise, or settle administrative tort claims.

### The Spoliation FTCA Claim I Received on Monday October 1, 2018

8.      On  Monday, October 1, 2018, I received the documents attached hereto as Exhibit 1 to this Declaration from Ronald S. Langacker, attorney at law, regarding Reverend Floyd Crenshaw:

A. The one page cover letter dated September 26, 2018 addressed to me from Ronald S. Langacker, attorney at law, regarding Reverend Floyd Crenshaw, stating:

> Dear Mr. McFatridge:
>
> Please be advised that I represent the late Reverend Floyd Crenshaw. Enclosed, please find the Claimant's Claim for Damage, Injury or Death (Form 95) dated September 18, 2018 Upon receipt of this claim, please verify that you have received the same.

If there are any questions, please feel free to contact my
office. Thank you.

Very Truly Yours,
Ronald S. Langacker
Attorney at Law.

B. The Standard two page Form 95 signed 9/18/18 by Mrs. Raenell

Crenshaw.

C. The three page "Attachment #*, Basis of Claim" to this

Standard Form 95.

D. The documents identified in ¶17 of said Basis of Claim.

9.      Later that same day, Monday, October 1, 2018, I sent these documents to

my supervisor and other authorized staff of the Department of Veterans Affairs Office

of General Counsel, and to Assistant United States Attorney David H. Hoff.

10.     This SF 95 Administrative Claim, and attachments, seek five million

dollars in property damage for documents that Raenell Crenshaw claims were sent to

the United States Department of Veterans Affairs Office of General Counsel on

February 17, 2017, on or about May 27, 2017 and on July 28, 2017, pertaining to Floyd

Crenshaw and the Standard Form 95 Administrative Tort Claim that Attorney Ronald

Langacker mailed to my attention on February 17, 2017, and that was received at the

Danville, Illinois, Department of Veterans Affairs Illiana Health Care System in

Danville, Illinois on February 21, 2017.

11.     Raenell Crenshaw in the above-described documents attached hereto as

Exhibit 1 to this Declaration seeks five million dollars in property damage because she

claims that the Department of Veterans Affairs lost the documents that she claims in said Exhibit 1 that were sent to the Department of Veterans Affairs Office of General Counsel that it cannot locate.

12.     Prior to executing this Declaration, I reviewed the allegations in the Plaintiff's First Amended Complaint (FAC) that was filed in this case on July 27, 2018 (R.17).

13.     The content of ¶¶ 1–13 the "Basis of Claim" attached hereto and recited in ¶ 8 C above, that was submitted as part of this new SF 95 Administrative Tort Claim seeking five million dollars for loss of personal property, that was signed by Raenell Crenshaw on September 18, 2018, and that is attached hereto as Exh. 1, virtually mirrors the allegations in the thirteen paragraphs recited in ¶¶ 20-32 of the Plaintiff's FAC that in ¶ 33 of the FAC were incorporated into Count I of the FAC, and that in ¶ 40 of the FAC were incorporated into the "Spoliation" alleged cause of action recited in Count II of the FAC.

14.     Similarly, ¶14 of said "Basis of Claim" mirrors ¶41 of Count II of the FAC; ¶15 of the said "Basis of Claim" mirrors ¶42 of Count II of the FAC; and ¶16 of the "Basis of Claim" is similar to ¶46 of the FAC.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct. Executed on November 15, 2018

/s/Michael M. McFatridge
Michael M. McFatridge, Staff Attorney
Office of Chief Counsel – Midwest District
a/k/a Office of General Counsel
U. S. Department of Veterans Affairs



## LANGACKER LAW
### ATTORNEYS AT LAW

September 26, 2018

Mr. Michael McFatridge
VA Office of Regional Counsel
1900 E. Main Street
Danville, Illinois 61832-5198

RE:    Reverend Floyd Crenshaw

Dear Mr. McFatridge,

Please be advised that I represent the late Reverend Floyd Crenshaw. Enclosed, please find the Claimant's Claim for Damage, Injury or Death (Form 95) dated September 18, 2018. Upon receipt of this claim, please verify that you have received the same.

If there are any questions, please feel free to contact my office. Thank you.

Very Truly Yours,

Ronald S. ⬛cker
Attorney at Law

RSL/jlw

Enc.

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 001

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs 810 Vermont Avenue NW Washington, DC 20420 | Floyd Crenshaw, Deceased; c/o Raenell Crenshaw Represented by: Langacker Law, Ltd. 102 East Main Street, Suite 100 Urbana, Illinois 61801 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | | Married | February 16, 2017-Present | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See Attached Basis of Claim

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Confidential medical, financial, employment, and personal information regarding the deceased.

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See answer to Paragraph 8, which is attached. The name of the injured decedent is Floyd Crenshaw, deceased.

**11.** WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Raenell Crenshaw | 3502 Cambridge Court, Apt. 101 Danville, Illinois 61832 |
| Ronald Langacker | 102 East Main Street, Suite 100 Urbana, Illinois 61801 |
| Jessica Wise | 102 East Main Street, Suite 100 Urbana, Illinois 61801 |

**12.** (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $5,000,000.00 | | | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| | 13b. PHONE NU⬚ | ⬚RM | 14. DATE OF SIGNATURE |
|---|---|---|---|
| | 217- | | 9-18-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 002

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**

## ATTACHMENT #8, BASIS OF CLAIM

1. On February 17, 2017, Raenell T. Crenshaw, as Independent Administrator of the Estate of Rev. Floyd S. Crenshaw ("Claimant"), presented a Standard Form 95 Claim for wrongful death and personal injury pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671-2680, alleging liability of the United States Government and/or the Veteran's Administration ("Agency" or "VA") for failing to treat Rev. Crenshaw's diabetes following diagnosis in that the Agency failed to perform necessary cardiology tests which led Rev. Crenshaw to suffer from extreme pain, and which ultimately resulted in Rev. Crenshaw's death.

2. In support of the wrongful death and personal injury claims stated within the SF95 Claim, Claimant submitted to the VA medical documentation in the form of a CD which contained nearly 1,739 pages of Rev. Crenshaw's medical information spanning a 16 year period. The Agency received the mailing on February 21, 2018.

3. On March 8, 2017, the Claimant's attorney received correspondence from the VA Office of General Counsel wherein the Agency acknowledged receipt of the claim. In order to process the claim, the Agency requested considerable information regarding Rev. Crenshaw's medical, personal, and financial matters.

4. On or about May 27, 2017, the Claimant, in response to the March 8, 2017, correspondence, provided the following information in the form of a CD, which included the following documentation:

   a. 2013, 2014, and 2015 State and Federal taxes;
   b. Marriage Certificate of Raenell and Rev. Floyd S. Crenshaw;
   c. Rev. Crenshaw's bank statements;
   d. List of dependents;
   e. Rev. Crenshaw's retirement account information;
   f. Rev. Crenshaw's Social Security benefits;
   g. Survivor benefits;
   h. Funeral and burial expenses; and
   i. Life insurance disability benefits.

5. In total, the Claimant submitted over 500 pages of documents to the Agency in May of 2017, much of which contained sensitive and confidential personal information relating to Rev. Crenshaw, Raenell Crenshaw, and their respective dependents. In addition, the Claimant also resubmitted the 1,739 pages of medical records previously tendered to the Agency in February of 2017.

6. After submitting the above information to the Agency, the Claimant heard no response from the Agency regarding the status of the claim.

7. On July 28, 2017, the Claimant's attorney again sent correspondence to the Agency and inquired as to the status of the claim. On that date, the Claimant again submitted

supportive documentation to the Agency in the form of a CD, which contained the same sensitive personal and financial documents that were sent in May of 2017. This mailing contained the personal documentation requested on March 8, 2017, as well as the 1,739 pages of medical records previously submitted in February and again in May of 2017.

8. The Agency did not respond in any fashion to the Claimant's July 28, 2017 correspondence.

9. On August 15, 2017, the Claimant's attorney drafted correspondence to the Agency's Office of Legal Counsel inquiring as to the status of the claim. Once again, the Agency failed respond to the Claimant's correspondence, failed to advise whether further information was needed, and failed provide any information to the Claimant regarding the status of the claim.

10. As a result of failing to receive any response from the Office of General Counsel after multiple attempts, the Claimant was compelled to file a Complaint in the United Stated Central District of Illinois on December 6, 2017.

11. Shortly after filing the cause of action, the U.S. Attorney's office notified the Claimant's attorneys they had lost the following correspondence and/or documents previously provided to the Agency:

    a. Medical records of Rev. Crenshaw sent on February 16, 2017 (1,739 pages);
    b. Information provided to the Agency in May of 2017 in response to Agency's March 8, 2017 correspondence (2,243 pages);
    c. July 28, 2017 correspondence to Agency, as well as all enclosed documents (2,242 pages); and
    d. August 15, 2017, correspondence from Claimant's attorney.

12. In sum, the Agency has lost over 6,225 pages of confidential and sensitive information relating to Rev. Crenshaw, Raenell Crenshaw, and the decedent's dependents, including at least four (4) separate mailings from February to August of 2017, nearly 5,217 pages of medical information, and at least 1,008 pages of records related to Rev. Crenshaw's personal and financial documentation. No information has been provided to the Claimant as to where this documentation is currently located, whether the information was ever converted to any other form, whether any information had actually been reviewed by the Agency, and/or what measures the Agency has taken to attempt to locate the same.

13. Due to the Agency's loss of the same, the Claimant's counsel has needed to spend considerable time and expense in attempting to recreate and reassemble the correspondence and documents lost by the Agency. This has further resulted in significant delays in pursuing this cause of action, and the Claimant has suffered significantly as a result thereof.

14. Claimant has sought, and will continue to seek, all of Rev. Crenshaw's medical records (and any other related records) in connection with Rev. Crenshaw's care and treatment at the VA Illiana Health Care System.

15. That based on information and belief, and through discussion with the U.S. Attorney's Office, the Agency has lost Rev. Crenshaw's medical records and related documents.

16. That the loss of these documents could irreparably and materially hinder the Claimant's ability to successfully prosecute the pending case against the United States. Specifically, that these documents are materially relevant to issues of proof in the underlying matter.

17. Attached are the following documents in support of this claim:

   a. February 17, 2017 SF 95 Claim;
   b. February 17, 2017 correspondence to the VA, with proof of receipt;
   c. March 8, 2017 correspondence to the Complainant's Attorney;
   d. July 28, 2017 correspondence to the VA, with proof of receipt; and
   e. August 15, 2017 correspondence to the VA.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>810 Vermont Avenue NW<br>Washington, DC 20420 | Floyd Crenshaw, Deceased, c/o Raenell Crenshaw<br>Represented by: Langacker Law<br>102 East Main Street, Suite 100<br>Urbana, Illinois 61801 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☒ MILITARY ☐ CIVILIAN | | Married | January 21, 2016 Thursday | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

The VA failed to treat Reverend Crenshaw's diabetes following diagnosis in that they failed to perform necessary cardiology tests including but not limited to conducting an EKG, causing Rev. Crenshaw to suffer extreme pain and ultimately resulting in Reverend Crenshaw's death. See basis of claim form attached, as well as enclosed medical records.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Cardiogenic shock and respiratory failure on January 21, 2016, due to failure to property treat Type II diabetes over an extended period of time.

| 11. | WITNESSES |
|---|---|
| **NAME** | **ADDRESS** (Number, Street, City, State, and Zip Code) |
| Dr. Norman Millan<br>Dr. Joseph Smith<br>Raenell Crenshaw | 1900 East Main Street, Danville, Illinois 61832<br>Richard L. Roudebush VA, 1481 W. 10th St. Indianapolis, In. 46202<br>522 E. Main Street, Danville, Illinois 61832 |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
| N/A | N/A | $5,000,000.00 | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| | | ...FORM | 14. DATE OF SIGNATURE |
|---|---|---|---|
| | | | 05/05/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

   B.  *Principal Purpose:* The information requested is to be used in evaluating claims.
   C.  *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
   D.  *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 008

## 8. Basis of Claim

Reverend Floyd Crenshaw suffered from Type II diabetes, which was diagnosed as early as 2000. From the time of his diagnosis until his death, Rev. Crenshaw was never given an electrocardiogram test even though his symptoms progressively worsened throughout the period. When Rev. Crenshaw was provided an ECG for the first time on December 28, 2015, it was determined that he was suffering from congestive heart failure, and died a few weeks later at the age of 55.

Rev. Crenshaw's death was the result of the VA deviating from the accepted standard of care when they failed to order the proper cardiac diagnostic tests which would have identified the condition when preventative measures could have been taken.

Enclosed are a copy of the medical records as well as an excel spreadsheet outlining Rev. Crenshaw's treatment from 2000 until 2016.



**LANGACKER LAW**
ATTORNEYS AT LAW

February 17, 2017

Mr. Michael McFatridge
VA Office of Regional Counsel
1900 E. Main Street
Danville, Illinois 61832-5198

RE:   Reverend Floyd Crenshaw

Dear Mr. McFatridge,

Please be advised that I represent the late Reverend Floyd Crenshaw. Enclosed, please find the Claimant's Claim for Damage, Injury or Death (Form 95). Upon receipt of this claim, please verify that you have received the same.

If there are any questions, please feel free to contact my office. Thank you.

_____. Langacker
Attorney at Law

RSL/jlw

Enc.

102 E. Main Street, Suite 100, Urbana, IL 61801 • 217-954-1025 • langackerlaw.com

Licensed in Illinois, Indiana & Wisconsin



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael McFatridge
VA Office of Regional Counsel
1900 E. Main Street
Danville, Illinois 61832-5198

9590 9402 2269 6225 5980 80

2. Article Number (Transfer from service label)

7015 3430 0000 1871 3809

□ Agent
□ Addressee

Date of Delivery
FEB 21 2017

m Y? □ Yes
w: □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery ($)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Office of Chief Counsel
Midwest District - West
5400 W. National Ave, Suite 335
Milwaukee, WI 53214
Telephone: 414-902-5047
Facsimile: 414-902-9406

In Reply Refer To: GCL 334678

March 8, 2017

**Attorney Ronald Langacker**
**102 E. Main St.**
**Suite 100**
**Urbana, IL 61801**

RE:   **Administrative Tort Claim**
**Veteran: Floyd Crenshaw**
**Claimant: Raenell Crenshaw**

Dear Mr. Langacker:

The U.S. Department of Veterans Affairs (VA), Office of Chief Counsel, received your client's Standard Form (SF) 95's, *Claim for Damage, Injury, or Death*, on January 26, 2017.  Your clients alleges the wrongful death of **Floyd Crenshaw**. Your clients are claiming collectively $20,000,000.00 in damages.

As you are aware, under the Federal Tort Claims Act (FTCA), 28 U.S.C.§§ 1346(b) and 2671-2680, VA has six months to consider a claim before you have the option to file suit on behalf of your client in U.S. District Court. 28 U.S.C. § 2675.  We will make every effort to meet that goal while thoroughly investigating the claim.

Under 28 C.F.R. §14.4, which implements the FTCA, we are requesting that you provide the following information to the investigator assigned as soon as possible unless previously provided:

1.  Documentation of your authority to act as claimant's legal representative.

2.  An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of **Floyd Crenshaw.**

3.  A copy of the autopsy report, if performed.

4.  A copy of the Letters of Administration or other authorization-substantiating claimant's legal authority to act as personal representative of **Floyd Crenshaw** estate.

5.  Full names, addresses, birth dates, kinship, and marital status of **Floyd Crenshaw** survivors, including identification of those survivors who were dependent for support upon **Floyd Crenshaw** at the time of death.  Please include a copy of **Floyd Crenshaw** marriage license, and if applicable, any relevant divorce decree.

6.  Degree of support **Floyd Crenshaw** provided to each survivor dependent upon **Floyd Crenshaw** for support at the time of death.

1

7. Floyd Crenshaw employment or occupation at time of death, including monthly or yearly salary or earnings (if any), and the duration of last employment or occupation.

8. All sources of income for Floyd Crenshaw at the time of death, including Social Security, retirement pension, and VA benefits.

9. Copies of Floyd Crenshaw income tax returns for the three years prior to the date of death.

10. Floyd Crenshaw general physical and mental condition before death.

11. Copies of all related non-VA medical records and itemized bills for medical expenses incurred because of the incident causing death.

12. Itemized bills for burial expenses or itemized receipts of payment for such expenses.

13. If the claim includes damages for pain and suffering prior to death, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and Floyd Crenshaw physical condition in the interval between injury and death.

14. Any other evidence or information that may have a bearing on the responsibility of the United States for the death or the damages claimed.

The investigator assigned to the claim is:

**Office of Chief Counsel (02)**
**Attn: Elizabeth Martin**
**Building 25, Room 308**
**1 Jefferson Barracks Drive**
**St. Louis, MO  63125**
**202-276-0729**

Under 28 U.S.C. § 2678, attorney fees are limited to 20 percent of any award, compromise, or settlement of an administrative claim and to 25 percent of the recovery following the filing of a lawsuit.

A combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit.  VA legal staff handling FTCA claims work for the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements.

If you have any questions or concerns, you may communicate directly with the investigator, who will be happy to assist.  Thank you for your cooperation.  We look forward to working with you to resolve your client's claim.

Sincerely,

Kelly A. Garcia,
Legal Assistant
Office of Chief Counsel

28 C.F.R. § 14.4 Administrative claims; evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.

(5) Decedent's general physical and mental condition before death.

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal Injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership.

(2) A detailed statement of the amount claimed with respect to each item of property.

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.

(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.

(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.



# LANGACKER LAW
ATTORNEYS AT LAW

July 28, 2017

Ms. Elizabeth Martin
Office of Chief Counsel
Building 25, Room 308
1 Jefferson Barracks Drive
St. Louis, MO 63125

RE:    Reverend Floyd Crenshaw

Dear Ms. Martin,

This letter will serve as a follow-up to our response from May 2017 to your request for documentation with regards to the above-captioned veteran's claim. As we had provided that information to you several months ago, I am inquiring as to the current status of the claim.

Additionally, I am enclosing a CD containing courtesy copies of the hard-copy files previously provided to the office. Upon your receipt of the same, please contact our office at your earliest convenience in order to discuss the status of the claim. Thank you for your anticipated courtesies in this matter.

RSL/jlw

Enc.

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 015



CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

SAINT LOUIS, MO 63125

| Certified Mail Fee | $3.35 | | 0801 |
| | | | 01 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt *(hardcopy)* | $0.00 | | |
| ☐ Return Receipt *(electronic)* | $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | | Here |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $0.00 | | |

07/28/2017

Sent To: *Office of Chief Counsel*
Street and Apt. No., or PO Box No. *Jefferson Barracks Dr*
City, State, ZIP+4 *St Louis, MO 63125*

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 3430 0000 1471 4080

ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS. TO C...

# USPS Tracking®

FAQs  >  (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70153430000018714080

Remove ✕

**Expected Delivery by**

**MONDAY**
**31** JULY 2017 ⓘ  │  by **8:00pm** ⓘ

✓ **Delivered**

July 31, 2017 at 10:45 am
Delivered, Left with Individual
SAINT LOUIS, MO 63125

---

**Tracking History**                                  ⌃

July 31, 2017, 10:45 am
Delivered, Left with Individual
SAINT LOUIS, MO 63125
Your item was delivered to an individual at the address at 10:45 am on July 31, 2017
in SAINT LOUIS, MO 63125.

July 31, 2017, 9:17 am
Out for Delivery
SAINT LOUIS, MO 63125

July 31, 2017, 9:07 am

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 017

5/17/2018, 10:26 AM

Sorting Complete
SAINT LOUIS, MO 63125


July 31, 2017, 8:28 am
Arrived at Unit
SAINT LOUIS, MO 63125


July 29, 2017, 10:52 am
Arrived at USPS Regional Facility
SAINT LOUIS MO DISTRIBUTION CENTER


July 28, 2017, 9:56 pm
Arrived at USPS Regional Facility
CHAMPAIGN IL DISTRIBUTION CENTER


July 28, 2017, 6:29 pm
Departed Post Office
URBANA, IL 61801


July 28, 2017, 1:58 pm
USPS in possession of item
URBANA, IL 61801


**Product Information**                                  ⌄


See Less ⌃


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs (http://faq.usps.com/?articleId=220900)**


McFATRIDGE DECLARATION EXHIBIT 1, PAGE 018

5/17/2018, 10:26 AM

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up (https://reg.usps.com**

**/entreg**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

/RegistrationAction_input?app=UspsTools&

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 019



# LANGACKER LAW
## ATTORNEYS AT LAW

August 15, 2017

Ms. Elizabeth Martin
Office of Chief Counsel
Building 25, Room 308
1 Jefferson Barracks Drive
St. Louis, MO 63125

RE:    Reverend Floyd Crenshaw

Dear Ms. Martin,

I had sent you a letter and some documentation with regards to Rev. Crenshaw's cause of action on July 28, 2017. I also called you and left a voice message last week inquiring as to the status of this claim. Please advise as to status at your earliest convenience. Thanks.

onald S. Langacker
ttorney at Law

RSL/jlw

Enc.

102 E. Main Street, Suite 100, Urbana, IL 61801  •  217-954-1025  •  langackerlaw.com
Licensed in Illinois, Indiana & Wisconsin

McFATRIDGE DECLARATION EXHIBIT 1, PAGE 020

ATTORNEYS AT LAW

102 E. Main Street, Suite 100 • Urbana, IL 61801

7017 1450 0000 9361 7243

SCANNED

Mr. Michael McFatridge
VA Office of Regional Counsel
1900 E. Main Street
Danville, Illinois 61832-5198

CHAMPAIGN PROC &SDFL
WED 26 SEP 2018 PM

U.S. POSTAGE PAID
FCM LG ENV
SAVOY, IL
SEP 26, 18
AMOUNT
$7.83
61832
R2304H108894-24

1099


